**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

GLORIA CASAREZ,                )
                               )
        Plaintiff,             )
                               )
v.                             )    Case No. CIV-15-263-RAW-KEW
                               )
CAROLYN W. COLVIN, Acting      )
Commissioner of Social         )
Security Administration,       )
                               )
        Defendant.             )

### REPORT AND RECOMMENDATION

Plaintiff Gloria Casarez (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was born on December 17, 1967 and was 46 years old at the time of the ALJ's decision. Claimant received her GED. Claimant has worked in the past in retail sales, as a housekeeper, and as a teacher's aide. Claimant alleges an inability to work beginning February 1, 2009 due to limitations resulting from mental and emotional impairments.

## Procedural History

On April 18, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income under Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On October 4, 2013, an administrative hearing was conducted by Administrative Law Judge ("ALJ") Deborah L. Rose in Tulsa, Oklahoma. The ALJ entered an unfavorable decision on December 20, 2013. The Appeals Council denied review on June 8, 2015. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made her decision at step four of the sequential evaluation. She determined that while Claimant suffered from severe impairments, she retained the RFC to perform her past relevant work. Additionally, the ALJ found Claimant's RFC allowed her to perform a wide range of work at all exertional levels with non-exertional limitations.

### Error Alleged for Review

Claimant asserts the ALJ committed error in improperly rejecting the opinions of a consultative psychological examiner.

### Consideration of Physician's Opinion

4

In her decision, the ALJ determined Claimant suffered from the severe impairment of major depressive disorder. (Tr. 17). The ALJ concluded that Claimant retained the RFC to perform her past relevant work as a housekeeper. (Tr. 24). In her RFC determination, the ALJ found Claimant could perform a wide range of work at all exertional levels but with the non-exertional limitations of performing simple routine tasks with no more than occasional, superficial, and incidental work-related interaction with co-workers and supervisors, but no significant interaction required to complete job tasks. (Tr. 19). After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform the representative jobs of garment sorter, basket filler, and produce sorter, all of which the ALJ found to exist in sufficient numbers both regionally and nationally. (Tr. 25). As a result, the ALJ found Claimant was not disabled from February 1, 2009 through the date of the decision. (Tr. 29).

Claimant contends the ALJ failed to properly consider the findings of Dr. Beth Jeffries, a consultative mental health examiner. On June 9, 2012, Dr. Jeffries examined Claimant, diagnosing her with major depressive disorder, recurrent, with psychotic features. (Tr. 220). Claimant reported having trouble associating with people. She had experienced depression since childhood. Her intelligence was average in the 80 range. She was

5

not able to interpret common proverbs and demonstrated concrete thinking, which Dr. Jeffries related to her level of depression. Claimant's concentration and memory appeared to be mildly impaired. Dr. Jeffries estimated that Claimant has the ability to concentrate over an eight hour workday and in a 40 hour workweek. Claimant also demonstrated an ability to understand, remember and carry out both simple and complex instructions in low stress conditions. But as her mood symptoms worsened, Dr. Jeffries found Claimant would have increasing difficulty performing these functions. (Tr. 221).

The ALJ gave Dr. Jeffries opinions "great weight", recognizing Dr. Jeffries' various findings but concluding that Claimant's impairments "were no more than moderate in severity. . . ." (Tr. 20). The ALJ found Dr. Jeffries opinions to be consistent with the medical evidence of record. Id.

When evaluating the evidence, the ALJ cannot pick and choose the evidence upon which he relies simply because it supports his finding of non-disability. Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004). The ALJ discussed Dr. Jeffries' opinion to the extent it supported her ultimate findings on Claimant's RFC but did not mention the restriction on working in a low stress environment. If the ALJ rejected this portion of the opinion as she seemingly did, she must set forth that reason - especially when she expressly states the opinion is given great weight. Doyal v. Barnhart, 331

F.3d 758, 764 (10th Cir. 2003). On remand, the ALJ shall discuss the totality of Dr. Jeffries' opinion – even those portions which do not support her findings on Claimant's RFC.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 3rd day of August, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE